# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR06-0151 |
| vs. | **ORDER** |
| RICHARD FLEMING, | |
| Defendant | |

_____

This matter comes before the court pursuant to the government's motion for detention made at the defendant's initial appearance before a judicial officer. The court held an evidentiary hearing on this motion on December 4, 2006, at which the defendant was present and represented by Christopher A. Clausen. The government was represented by Assistant United States Attorney Ian Thornhill. The government's motion for detention is granted.

The defendant is charged with using the Internet to persuade a minor to engage in prostitution. Between September 15 and October 9, 2006, a Waterloo police officer posing as a 14-year-old girl had a series of conversations with the defendant in a private chat room. The conversation quickly turned sexual in nature and the defendant repeatedly offered to pay the 14-year-old girl for sexual activity.

On October 9, 2006, the police officer posing as the 14-year-old girl indicated that she was at home because she was not feeling well. The defendant asked if she was feeling well enough to have sex. He had indicated that he was willing to pay $100 to engage in sex with her and an additional $20 for oral sex. Another law enforcement officer was then dispatched to his residence.

1

An Iowa Division of Criminal Enforcement agent appeared at the defendant's home after 9:00 AM on October 9, 2006. The defendant arrived at his residence and resumed his chat, indicating that he had "chickened out" because of his concern that the 14-year-old girl was really a police officer. The defendant had arranged to meet the 14-year-old girl in Evansdale, Iowa, but it is clear that he could not have gone far from his home before turning around.

The defendant was arrested and given Miranda warnings. He admitted that he used the Internet name that was involved in the discussions with the police officer posing as a 14-year-old girl. He indicated that he had another relationship over the Internet with a 17-year-old girl but stated that he did not have sex with her. That 17-year-old girl has been identified and interviewed. She has stated that she had sex with the defendant on multiple occasions and that the defendant paid her between $200 and $250 per occasion.

The defendant has no known criminal history. He appears to come from a good family. His parents and sister are supportive and concerned. The defendant has sought out treatment from a well-respected psychologist. He has not had problems while on release from his state charges that evolved into this federal charge.

## CONCLUSIONS OF LAW

Pursuant to Title 18, United States Code § 3142(e), the judicial officer must determine whether any condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community in deciding whether to grant the government's motion for detention. Detention can be based on a showing either of dangerousness or risk of flight, both are not required. United States v. Fortna, 769 F.2d 243 (5th Cir. 1985). The standard is "reasonable assurance"; the court cannot order the detention because there are no conditions which would guarantee appearance and safety. United States v. Orta, 760 F.2d 887 (8th Cir. 1985). The grounds relied upon by a judicial officer to support a finding that no condition or combination of conditions will reasonably assure the safety of any other person or the community must be

2

supported by clear and convincing evidence.  However, the burden of proof on the issue of risk of flight is by a preponderance of the evidence.  <u>United States v. Orta</u>, <u>supra</u>.

The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning -- (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including -- (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.  18 U.S.C. § 3142(g).

In this case, the intended victim of the defendant's scheme was a 14-year-old girl. The evidence of the defendant's involvement in this case appears to be strong by reason of his admission that he used the name that appears in the chat room.  He was particularly persistent and was successful.  This conduct occurred with more than one intended victim.

The court has examined the factors found in 18 U.S.C. § 3142(g) and weighed the evidence according to the standards noted above.  Pursuant to the evidence and the rebuttable presumption of § 3142(e), the court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community upon the defendant's release.  The defendant was advised in open court of his right to a prompt resolution of any appeal of this order.

Upon the foregoing,

IT IS ORDERED

1. That the defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford the defendant reasonable opportunity for private consultation with counsel while detained.

December 4, 2006.

_____
JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT